Pascasio **PEREIRA–GONZALEZ** and his wife **Felipa Nery Mercado–Garcia** on their own behalf and on behalf of the minors **Elvin Omed Miro–Pereira** and **Delisa Ivelisse Miro–Pereira**, who are under their custody and guardianship; and **Hector David Pereira–Mercado**, **Eddie Nelson Pereira–Mercado**, **Melba Griselle Pereira–Mercado** and **Itza Enid Pereira–Mercado**, who is a minor, and is here represented by her parents **Pascasio Pereira–Gonzalez** and **Felipa Nery Mercado–Garcia**, who have custody and guardianship over their daughter, Plaintiffs,

v.

**Carlos J. LOPEZ–FELICIANO, Gregorio Sanchez, Juan Carle Hector Miro–Hodge, John Doe and Richard Doe,** Defendants.

**Civ. No. 89–0593CC.**

United States District Court, D. Puerto Rico.

Feb. 22, 1990.

Néctor Robles–Abraham, Fajardo, P.R., for plaintiffs.

Héctor Rivera–Cruz, Secretary of Justice, Luis N. Blanco–Matos and Miriam Soto–Contreras, Federal Litigation Div., Dept. of Justice, San Juan, P.R., for defendants.

ORDER

CEREZO, District Judge.

On the afternoon of May 7, 1988, Héctor Miró–Hodge, a police officer in the Commonwealth of Puerto Rico's police department shot and killed his wife, Naida Ivelisse Pereira–Mercado, allegedly using his service revolver. Their children, the deceased's parents and her siblings filed this action for violation of Pereira–Mercado's civil rights as well as various claims arising under Puerto Rico law. The defendants include Miró–Hodge, his supervisors in the Police Department Gregorio Sánchez and Juan Carle and any others as yet unidentified, and former Police Superintendent Carlos J. López–Feliciano.

We have before us motions to dismiss filed by Carlos J. López–Feliciano, Gregorio Sánchez and Juan Carle–Garcia (docket entries 10, 12, and 14, respectively). Plaintiffs opposed López–Feliciano's motion on December 8, 1989 (docket entry 16) and we find the arguments presented therein applicable to all of the motions. All three motions are based upon the fact that "the present action [does] not constitute a violation of plaintiffs' federally protected rights, since they occurred in the 'personal ambit' of defendant's Miro's affairs, not in the performance of his duties as a policeman."

While we agree with the defendants that Miró–Hodge was not acting in the line of

duty as a policeman so that defendants could not be responsible under the simple theory of respondeat superior, *see Gutiérrez–Rodriguez v. Cartagena*, 882 F.2d 553, 562 (1st Cir.1989), the allegations here are more complex. Defendants Sánchez and Carle–García are charged by plaintiffs with gross negligence and callous indifference in the performance of the supervisory responsibilities which is alleged to have been the proximate cause of the deceased's demise. The complaint alleges that:

13. On May 7, 1988 at or around 2:00 P.M., the co-defendant Héctor Miró Hodge, shot and killed his wife Naida Ivelisse Pereira Mercado.

14. Defendant Héctor Miró Hodge had a background of violent behavior and mental strain and anxiety and a history of violently beating his wife, such as the case that two days before the killing he was accused of brutally beating her and he was arrested and accused of assault and battery; but his gun was never taken away.

15. A couple of months before the dreadful killing, co-defendant Héctor Miró Hodge was involved in a violent accident at the cock arena (gallera) where he pulled out his gun in a fight.

16. Several days before the killing, co-defendant Héctor Miró Hodge had also requested from his supervisors that he be released from his work and that his gun be retained before a tragic accident occurred.

17. The direct, proximate and absolute cause of death of Naida Ivelisse Pereira Mercado was the intentional, reckless indifferent, grossly and flagrantly negligent conducts amounting to but not limited to deliberate indifference of co-defendants Gregorio Sánchez, Juan Carle, Richard Doe and John Doe, who did nothing in their supervisory and/or official capacities in preventing this wrongful and violent death, by taking away co-defendant's Héctor Miró Hodge's gun.

18. Co-defendant Gregorio Sánchez, Juan Carle, Richard Doe and John Doe were the immediate supervisors of Héctor Miró Hodge and as such, upon information and belief, did not perform the biannual evaluation of the defendant Héctor Miró Hodge duty performance as a police officer. Had they done so, they would have been informed and could have had actual knowledge, of the personal records and actual incapacity of defendant Héctor Miró Hodge as a police officer.

19. As the immediate supervisors of co-defendant Héctor Miró Hodge, Gregorio Sánchez, Juan Carle, Richard Doe and John Doe on information and belief, knew or should have known, that defendant Héctor Miró Hodge had received inadequate training and supervision, had violent propensities, and was unable to safely and properly carry out his duties as a police officer. Despite this knowledge, co-defendants Gregorio Sánchez, Juan Carle, Richard Doe and John Doe failed to adequately and properly train, supervise and discipline co-defendant Miró Hodge. This grossly and flagrantly deficient system led to the condoning, encouragement and acquiescence of co-defendant Miró Hodge's deliberate indifferent and/or grossly negligent behavior.

We find that the allegations state affirmative omissions on the part of Miró–Hodge's immediate supervisor rising to the standard of liability set forth in *Gutiérrez–Rodriguez, supra*, at 560–61:

A person "subjects" another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an affirmative act which he is legally required to do, that causes the deprivation of which complaint is made. [Citation omitted.] Moreover, personal participation is not the only predicate for section 1983 liability. Anyone who "causes" any citizen to be subjected to a constitutional deprivation is also liable. The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.

The allegations in the complaint against López–Feliciano, however, appear to be

more of the traditional variety of claims under *respondeat superior:*

21. Defendant Carlos J. López Feliciano, as Superintendent of the Police of the Commonwealth of Puerto Rico, is ultimately responsible for the supervision, training and discipline of his subordinates, defendants herein.

22. Defendant López Feliciano, as Superintendent of the Police of the Commonwealth of Puerto Rico, established policies and procedures under which the Police Department of Puerto Rico employed personnel who was grossly and flagrantly negligent. This procedure amounted but is not limited to deliberate indifference in its training, supervision and discipline.

23. Defendant López Feliciano had, or should have had actual knowledge of the gross lack of supervision, training and inadequate recruitment of co-defendant Héctor Miró Hodge; thus not taking any action led to the supervisory encouragement, condonement and acquiescence but not limited to the deliberate and reckless indifference on safely and properly carrying the adequate procedures to correct these deficiencies.

Given the allegations against the immediate superiors, however, it may well be that there were acts or personal knowledge on the part of López–Feliciano which would be analogous to the situation of Cartagena in *Gutiérrez–Rodriguez,* rather than a breakdown in the system at a level beneath him.

Accordingly, the motions to dismiss filed by Gregorio Sánchez and Juan Carle are DENIED. Plaintiffs are GRANTED a period of twenty (20) days after notice in which to ask leave of the Court to amend the complaint, to allege more specifically the personal involvement of the Police Superintendent, if that be the case, and to identify the unknown defendants, include them in the caption and make specific allegations as to them.

SO ORDERED.